114 F.3d 1191
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Annie L. McCONDICHIE, Plaintiff-Appellant,
v.
LUCENT TECHNOLOGIES, INC., Defendant-Appellee.
 No. 96-3508.
 United States Court of Appeals, Seventh Circuit.
 Argued April 29, 1997.
Decided May 12, 1997.
 
 Before BAUER, EASTERBROOK and KANNE, Circuit Judges.
 
 Order
 
 1
 Annie McCondichie took early retirement from AT & T Corporation (the relevant part of which was later spun off as Lucent Technologies) when she was 52. McCondichie contends that she was constructively discharged because of her race and age; this suit seeks compensation. The district court granted summary judgment for Lucent, and we affirm.
 
 
 2
 McCondichie became a manager at AT & T in 1978. In 1992 the firm decided that competition required it to pare down the managerial staff. She does not contend that this decision was discriminatory. McCondichie was one of eight managers in a group slated to be reduced to four. Selection was to be based on merit, reflected in ratings assigned by higher managers. Her principal argument is that her rating for 1991, which placed her "at risk" in 1992 (and led her to take early retirement rather than face layoff), was the product of a discriminatory attitude by Donald Sprague, her superior in the corporate hierarchy beginning in January 1990.
 
 
 3
 For purposes of argument, we accept McCondichie's belief that her race or age played a role in Sprague's conclusion that her work in 1991 "partially met" objectives, rather than "fully met" them. The fact remains that four other managers in the same group received ratings of "far exceeds" or "exceeds," and that only these four were retained. Unless race or age prevented McCondichie from obtaining a rating of "exceeds" objectives, she could not have been retained. Yet during her entire managerial career McCondichie never achieved a rating higher than "fully met". McCondichie does not contend that the "fully met" ratings she received between 1978 and 1990 can be attributed to her race or age. Had she retained this rating in 1991 she still would have been "at risk" in 1992. The actual 1991 rating of "partially met" therefore had no causal connection to her classification as "at risk" of layoff in 1992, and the absence of a causal link between Sprague's rating and her retirement means that her claim of discrimination cannot succeed.
 
 
 4
 AFFIRMED.